**Opinion issued March 17, 2015.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00256-CR

_____

## JAMES ANTHONY DURR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 180th District Court
### Harris County, Texas
### Trial Court Case No. 1287887

---

## MEMORANDUM OPINION

A jury found appellant, James Anthony Durr, guilty of the felony offense of murder. *See* TEX. PENAL CODE ANN. § 19.02 (West 2011). Appellant pled true to the enhancement paragraph that he had been convicted of the felony offense of

burglary of a habitation in 2005, and the jury assessed punishment at confinement for life. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his pro se response, appellant contends that he received ineffective assistance of counsel and that but for counsel's deficient performance "there is a reasonable probability that the jury would have returned . . . a conviction for a lesser included offense and a sentence less than Life in prison." Appellant's proposed claims, however, are not meritorious grounds for appeal, given the record in this case. An appellate court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

*Strickland v. Washington,* 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984). As such, "counsel's deficiency must be affirmatively demonstrated in the trial record." *Lopez v. State,* 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Accordingly, "the record on direct appeal is in almost all cases inadequate to show that counsel's conduct fell below an objectively reasonable standard of performance and . . . the better course is to pursue the claim in habeas proceedings." *Andrews v. State,* 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). Here, appellant would raise his claim of ineffective assistance for the first time on appeal. Since "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective," *Rylander v. State,* 101 S.W.3d 107, 111 (Tex. Crim. App. 2003), appellant's proposed claims of ineffective assistance of counsel do not present meritorious grounds for appeal.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing

3

court determines whether arguable grounds exist by reviewing entire record).  We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We note the trial court's judgment states the date of the offense as December 14, 2010. The indictment, as modified, states the offense occurred on November 14, 2010. The jury found appellant guilty as charged in the indictment.  We have the authority to modify a judgment when we have the necessary information before us to do so.  *See* TEX. R. APP. P. 42.3(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).  Accordingly, we modify the trial court's judgment to show that the date of the offense was November 14, 2010.

As modified, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[1]  Attorney Michael A. McEnrue must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).  We dismiss any pending motions as moot.

---

[1]  Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).